**William J. SMART and Pauline Smart, Plaintiffs-Respondents,**

v.

**TIDWELL INDUSTRIES, INC., Defendant-Appellant.**

**No. 46488.**

Missouri Court of Appeals, Eastern District, Division Four.

March 27, 1984.

Jeffry S. Thomsen, Evans & Dixon, St. Louis, for defendant-appellant.

Steven J. Schroeder, Davis, Schroeder & Davis, St. Charles, for plaintiffs-respondents.

GAERTNER, Presiding Judge.

Defendant appeals from a judgment in the sum of $9,000 in favor of plaintiffs on a jury verdict finding defendant had breached an express warranty. We affirm.

On September 6, 1977, plaintiffs accepted delivery of a mobile home manufactured by defendant. Plaintiffs also received a homeowner's manual which included an express warranty by the defendant that the mobile home "is and will be, assuming normal use and proper maintenance and servicing, free from any defects in material and workmanship for a period of one year...." The warranty also provided that defendant's obligations "are limited to remedying defects covered hereby and the cost thereof" and expressly excluded incidental or consequential damages. Plaintiffs immediately began to experience problems resulting from defects in material and workmanship. Since defendant does not challenge the sufficiency of the evidence, these defects need not be described in detail. Representatives of defendant came to the home thirty or more times in an effort to remedy the defects. Employees of the dealer who sold the mobile home to plaintiff also endeavored to do so. Additionally, defendant and the dealer shared the cost of certain repairs undertaken by a third party. These efforts were of no avail. Plaintiffs' evidence, in the form of expert testimony by an experienced appraiser of mobile homes damage claims, was that the defects were caused by inferior materials and poor workmanship.

Defendant's evidence was limited to the testimony of its service manager from Haynesville, Alabama, who identified numerous "service forms" reflecting the repair work performed on plaintiffs' home from November 1977 through September 1978, when he advised plaintiffs that defendant would no longer be liable for factory warranty service. He had not personally examined the mobile home. Defendant offered no evidence of probative value tending to refute the existence of the defects or that the defects resulted from any cause other than defective materials or workmanship.

Pauline Smart testified that in her opinion the mobile home as represented to them was worth $21,000, but that with the defects they discovered after delivery, the market value of the home was $7,500. Plaintiff also presented expert testimony that the cost of repairing the defects was at least $10,000. Before trial plaintiffs had settled their claim against the seller for $1,000. The jury returned a verdict against the manufacturer for $9,000.

■ Defendant contends it is entitled to a new trial because of the admission in evidence of seventeen photographs depicting various defective conditions of the mobile home. The photographs were taken at different times over the five years between delivery of the mobile home and the date of trial, some only a few months before the latter date. Defendant argues that the photographs failed to accurately represent the conditions as they existed at the time of delivery or within one year thereafter and that there was no evidentiary foundation explaining the changes from that time until the photographs were taken.

Our review of this point is governed by the rule that "[t]he determination of relevance and materiality of a photograph and its admission or rejection rests in the first instance in the discretion of the trial judge, and his ruling will not be disturbed on appeal unless that discretion has been abused...." *Dudeck v. Ellis*, 399 S.W.2d 80, 96 (Mo.1966). We find no abuse of discretion here. The jury was informed of the approximate time each photograph was taken and could not have been misled into believing the photographs purported to depict the conditions as they existed at the time of delivery or within twelve months thereafter.

The evidence clearly pointed out that, with regard to some of the defects, especially the use of particleboard as flooring in the bathroom, the effects were progressive. With that foundation, the photographs were relevant toward proving the existence of the defects in material and workmanship

which were shown by the testimony to have existed from the time of delivery and to have been discovered within one year thereafter. Defendant's first point is without merit.

Defendant next asserts error in the giving of Instruction No. 5, the plaintiffs' verdict directing instruction based on MAI 25.-07—Breach of Express Warranty under Uniform Commercial Code. The instruction reads:

> Your verdict must be for plaintiffs if you believe:
>
> First, defendant manufactured and plaintiffs purchased a mobile home, and
>
> Second, defendant represented by written document the mobile home would be free from any defects in material and workmanship for a period of one year, and
>
> Third, such representation was made to induce plaintiffs to purchase or was a material factor in plaintiffs decision to purchase the mobile home, and
>
> Fourth, the mobile home did not conform to such representation made by defendant, and
>
> Fifth, within a reasonable time after plaintiffs knew or should have known of such failure to conform, plaintiffs gave defendant notice thereof, and
>
> Sixth, defendant failed to remedy such defects, and
>
> Seventh, as a direct result of such failure to remedy such defects, plaintiffs were damaged.

■ Defendant argues, without reference to any supporting authority, that the instruction improperly omitted the provisions of the warranty which excluded from its coverage damage resulting from actions of the owner, transportation and installation, repair or alteration by unqualified persons, misuse, neglect, accident, or act of God and natural phenomena such as ground settlement. These were exclusions from, not conditions precedent to, coverage under the warranty. Although a purchaser may have the burden of proving compliance with the conditions of an express warranty, *Venie v. South Central Enterprises, Inc.,*

401 S.W.2d 495, 501 (Mo.App.1966), the defense that the parties expressly limited the extent of a warranty is an affirmative defense which must be pleaded and proven by a defendant. *Miller v. Andy Burger Motors, Inc.,* 370 S.W.2d 654, 659 (Mo.App. 1963). Defendant did not plead the applicability of any of the exclusions set forth in the warranty and, other than speculative possibilities, there was a complete absence of evidence even suggesting that any of the complained of defects resulted from any of the matters excluded from coverage. To have included the provisions of the warranty in the instruction would have served only to inject false issue into the case—issues raised by neither pleading nor proof.

■ Defendant also attacks Instruction No. 5, pointing to the phrase "reasonable time" in paragraph Fifth, and arguing that this implied defendant was obligated to repair defects discovered within a reasonable time rather than within the one year limitation of the warranty. Defendant states the instruction constituted a roving commission. The argument is spurious. Paragraph Fifth submits the issue of the giving of notice to a seller of a breach of warranty within a reasonable time after discovery as required under the Uniform Commercial Code, § 400.2–607(3)(a). The language of paragraph Fifth in no way purports to extend the warranty period correctly stated in paragraph Second of the instruction to be limited to a period of one year.

■ Defendant further contends it is entitled to a new trial because of error in giving Instruction No. 6 which faithfully followed the language of MAI 4.17—Damages—Breach of Warranty Under Uniform Commercial Code. Defendant argues that since the express warranty limited the seller's obligations to "remedying defects covered hereby and the cost thereof," a valid limitation under § 400.2–719, RSMo 1978, it was error to permit the jury to base its determination of plaintiffs' damages upon a diminution of fair market value as provided in MAI 4.17.

Under the circumstances of this case we find that the failure to modify MAI 4.17 does not warrant reversal. The evidence of the efforts made by defendant and the dealer to repair the mobile home, all to no avail, caused the exclusive remedy of the express warranty to "fail of its essential purpose," thereby authorizing any remedy available under the Uniform Commercial Code. *Givan v. Mack Truck, Inc.,* 569 S.W.2d 243, 247 (Mo.App.1978); § 400.2–719(2), RSMo 1978.

Moreover, assuming that the jury was misinstructed regarding the proper measure of damages under the evidence in this case, we would then be called upon to determine the prejudicial effect of such misdirection. Rule 70.02(c). We find no prejudice to the defendant for the reason that the verdict of the jury did not exceed the amount which plaintiffs would have been entitled to recover had the jury been instructed in accordance with defendant's suggestion. Plaintiffs' evidence showed the difference between the fair market value of the mobile home after discovery of the defects and the fair market value as represented by the defendant to be $13,500. Plaintiffs' expert testimony was that the cost of repairs amounted to $10,000. The verdict and judgment were in the sum of $9,000.[1] If the damage instruction had limited the jury to consideration of cost of repair, as the defendant here requests, the amount of the verdict would have been within the evidence. Therefore, it cannot be said that Instruction No. 6, based on a diminution of value, even if a misdirection under the evidence, caused the award of damages to exceed that to which plaintiffs were entitled. It follows that no prejudicial effect resulted from the giving of Instruction No. 6.[2]

The same is true with regard to defendant's final point which asserts error in the verdict form, MAI 36.01 Form of Verdict—Plaintiff vs. Defendant—Personal Injuries Only. Defendant maintains the verdict form should have limited the assessment of damages to property damage only. Instruction No. 6, the damage instruction, did just that. To conclude that the jurors, because not expressly limited to property damages on the verdict form, would feel free to add some amount for consequential or incidental damages as argued by defendant, would require us to hold the jurors disregarded Instruction No. 6. This we refuse to do. Plaintiffs did not plead nor prove consequential damages. The amount of the verdict, reflecting the exact testimony of cost of repair less the amount of a partial settlement, belies such misconduct. Further, verdict forms are not instructions. MAI 36.01, Notes on Use.

The judgment is affirmed.

SMITH, J., and STANLEY A. GRIMM, Special Judge, concur.

---

**1.** There was evidence of a $1,000 settlement of all claims against the dealer. Defendant did not complain in the trial court nor does it complain here of any failure to give MAI 7.01—Deductions for Admitted Settlement with Joint Tortfeasor (withdrawn January 1, 1983) in effect on the date of trial, nor to follow the procedure set forth in MAI 1.06 [1983 new] Advance Payment of Partial Settlement Instructions (permissible on the date of trial) whereby the trial court is to enter judgment for an amount equal to the verdict of the jury less the amount of an agreed partial settlement.

**2.** Parenthetically, we note that in adopting and approving MAI 4.17 for use in warranty cases, the Supreme Court did not mention in the Notes on Use the modification mandated under MAI 4.02 regarding the measure of property damages where the evidence shows the cost of repair to be less than the diminution of value. It would seem a similar modification is equally applicable in warranty cases. An agreement of the parties to alter or limit a buyer's remedy is enforceable under the Uniform Commercial Code. § 400.2–719, RSMo 1978. Further, when the evidence shows the cost of repair or restoring the property to its represented condition to be significantly less than the diminution of value, the former is the proper measure of damages whether the action is based on tort, breach of contract, implied or express warranty. *See Kahn v. Prahl,* 414 S.W.2d 269, 282–83 (Mo. 1967); *Hensic v. Afshari Enterprises, Inc.,* 599 S.W.2d 522, 524–25, fn. 4 (Mo.App.1980); § 400.2–714(2), RSMo 1978.